```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


HEALTH CARE MANAGEMENT           )
SERVICES COMPANY, L.L.C.,        )
                                 )
 Plaintiff,                      )
                                 )
       vs.                       )      No. 4:04CV1631-DJS
                                 )
CORPORATE RESOURCE               )
MANAGEMENT, INC.,                )
                                 )
 Defendant/Third-Party Plaintiff,)
                                 )
       vs.                       )
                                 )
AFFILIATED INSURANCE AGENCY, INC.)
and ROBERT McBRIDE,              )
                                 )
 Third-Party Defendants.         )
```

### ORDER

The first amended third-party complaint of Corporate Resource Management, Inc. names corporate third-party defendant Affiliated Insurance Agency, Inc. in each of its four counts. Individual third-party defendant Robert McBride is named in Counts II, III and IV, claims of breach of fiduciary duty, fraudulent misrepresentation and negligent misrepresentation, respectively. Now before the Court is McBride's motion seeking dismissal of those claims against him pursuant to Fed.R.Civ.P. 12(b)(6), or a more definite statement of those claims pursuant to Rule 12(e). Specifically, McBride contends as to Count II that the basis for the agency relationship giving rise to a fiduciary duty is not

adequately pled, and that with respect to Counts III and IV, a basis for McBride's personal liability for misrepresentations is not adequately pled.

The Court disagrees. The allegations of Counts II, III and IV are sufficient to meet the requirements of Fed.R.Civ.P. 8(a) and (e)(1) in that they provide a "short and plain statement of the claim" and are "simple, concise, and direct."

> Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'...This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.

Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002), *quoting* Conley v. Gibson, 355 U.S. 41, 47-48 (1957). Neither is the Court persuaded that the facts are insufficient to state the asserted causes of action. On a motion to dismiss under Fed.R.Civ.P. 12(b)(6), it is well established that the Court must view the facts alleged in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint is sufficient if it "contain[s] allegations from which an inference fairly may be drawn that evidence on...material points will be introduced at trial." 5 Wright & Miller, Federal Practice and Procedure §1216 at 159 (1990). A complaint should not be dismissed unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Hungate v. United States, 626 F.2d 60, 62 (8th Cir. 1981).

The third-party plaintiff's allegation that McBride (as well as Affiliated) agreed to act as its agent is sufficient to survive a motion to dismiss the fiduciary duty claim. The allegation that McBride himself (as well as Affiliated) made the misrepresentations alleged to be negligent and/or fraudulent is sufficient on which to predicate a claim of personal liability against McBride. Neither dismissal nor a more definite statement is shown to be warranted. Accordingly,

**IT IS HEREBY ORDERED** that third-party defendant Robert McBride's motion [Doc. #33] to dismiss Counts II, III and IV of defendant's first amended third-party complaint, or in the alternative, to make same more definite and certain, is denied.

Dated this  16th  day of August, 2005.

                      /s/ Donald J. Stohr
                      UNITED STATES DISTRICT JUDGE